· No. 28,040.

THE COLUMBIA WEIGHING MACHINE COMPANY, *Appellant,*
v. HOWARD E. DILLER, *Appellee.*

(266 Pac. 748.)

Opinion filed May 5, 1928.

*W. S. Kretsinger,* of Emporia, for the appellant.
*W. C. Roberts,* of Emporia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover $165 and interest, the purchase price of a weighing machine bought by the defendant from the plaintiff. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The action was tried without a jury. Special findings of fact were made. Those findings disclosed that the plaintiff, under a written contract, sold to the defendant a weighing machine for an agreed price of $165, and that the contract contained the following provision:

"It is sold to us with the understanding that we may return it to you at any time within thirty days from date of arrival of machine, instead of paying the purchase price. Return shipment to be made to the above address, by freight only; freight charges collect. Should we not ship it back to you within thirty days from date of its arrival, we will pay you the purchase price thereof, namely, one hundred sixty-five dollars, as follows: Ten dollars per month until paid; first payment to be made within forty days from date of arrival of the machine."

The findings further showed that the machine was delivered to the defendant on September 20, 1926; that the machine, when it was unpacked, was found to be defective; that the defendant wrote the

plaintiff concerning that defect; that the plaintiff made no effort to remedy it; that on October 17, 1926, the machine was delivered by the defendant to a transfer company to be recrated and reshipped to the plaintiff, but that the machine was not delivered by the transfer company to the railroad company until November 1, 1926.

The plaintiff contends that because the defendant did not return the machine within thirty days after its arrival he was obligated to pay the purchase price therefor. The controversy turns on the quoted portion of the written order for the machine and whether or not the delivery of the machine by the defendant to the transfer company to be recrated and shipped to the plaintiff complied with the terms of the order giving to the defendant the right to return the machine within thirty days after its arrival. The contract means that the defendant had thirty days after receiving the machine in which to start it on its return trip to the plaintiff. The defendant delivered the machine to the transfer company, a common carrier, within thirty days after receiving it. His delivery of the machine to that company started the machine on its return trip to the plaintiff and complied with the conditions of the contract. The plaintiff cites cases holding that under a contract like the present one, where property is delivered under conditions similar to those in the present case and the purchaser retains the property beyond the length of time in which he has the right to return it, he is obligated to pay the purchase price therefor. The distinction between those cases and the present one is that in those cases the purchaser retained the property beyond the stipulated time; here, the purchaser started the property on its return trip within that time.

This conclusion renders it unnecessary to discuss the other questions presented by the plaintiff.

The judgment is affirmed.